Gaston, J.
 

 This case, laying' aside the facts and circumstances which are unnecessary for a correct decision of if, may be briefly stated as follows: The County Court of Yancy, at its Spring Session in 1836, passed an order, .“that Charles Baker and Charles Half oversee the road from the top of the Iron Mountain, at the Low Gap, as the Engineers surveyed and marked it out, to
 
 where it intersects the old
 
 road, at the foot of said mountain, and that all hands belonging to Cane Creek Company, work under Charles Baker, six good faithful days.” Shortly thereafter, but at what term it does not appear, this order was rescinded, and after-wards, at the February Term, 1839, it was ordered by the said court, that the order rescinding the order' of 1836, be
 
 *169
 
 itself rescinded, and the order of 1836 be revived. But in reciting the order of 1836, the order of 1839* somewhat represents it, by describing the road-therein mentioned, as a road “ from the foot of the Iron Mountain,
 
 at. the ford of Spring
 
 Creek, to the Tennessee line,” according to which misrepresentation, the road would extend eastwardiy beyond-its intersection with the old road, seventy-five yards upon the old road. The plaintiff, an overseer of the road' as appointed by these'orders, summoned the defendant, one of the Cane Creek Company, to work thereon, and, upon this requisition not being complied with, warranted him' for the penalty incurred by such disobedience. The cause was carried up by successive appeals to the Superior Court, and there, upon the'trial it appeared, that before the order of IS3’6 was' passed, certain Engineers in the service of the Government of the United States, had surveyed and marked out a line as the route of a road contemplated to be made by the Federal Government, from the top of the Iron Mountain at the Low Gap, to-its intersection at the foot of the mountain, with the old road ; that this line passed wholly through wild, and unappropriated lands belonging to this State, but that no sucli road at the institution of this action existed in fact,- or had been ordered to be laid out by the County Court. Upon these matters so appearing and being so agreed by the parties, his Honor held, that the defendant was not- liable to the penalty demanded.
 

 In this opinion we concur. It is clear, we think, notwithstanding' the mistaken representation of the original order, that the order of the court of February, 1839, revived and reenacted the original order, such as it in truth was. Neither therefore the appointment of overseers to superintend, nor the injunction upon the hands to perform the labor therein directed, applied to any part of the old road.
 

 The orders of 1836 and 1839, are predicated upon the assumption, that the road therein described as surveyed and marked out by the engineers, was a public road; and it would be doing violence to the language of these orders, to hold that
 
 thereby
 
 a new public road was-laid out by the court.—
 
 *170
 
 is unnecessary, therefore, to decide, whether, when a new is directed to be made wholly through lands belonging to the State, the court can lay out the road without the intervention of a jury as required by the act of 1784, ch. 227, sect. 2, (Revised Stat. ch. 104, sect. 4,) or whether, if a new road be laid out, without the intervention of a jury, where a jury ought to have been ordered, such road, notwithstanding the irregularity in the proceeding, is not to be regarded as a public road, until the order of the court be reversed or rescinded. Our laws are explicit in requiring, that no new road shall be laid out but by a judgment of the court upon a petition filed, and, authorize an appeal from every such judgment, by any person dissatisfied therewith.
 
 1813,
 
 ch. 862. (Revised Stat. ch. 227, sect.
 
 8
 
 & 4.) These requisitions would be substantially annulled, if the mere appointment of an overseer or assignment of hands to a supposed road, were to be held
 
 per se
 
 a judicial determination, that a public road be laid out where none before existed.
 

 Nor can we doubt, whatever credit may be claimed for an order of this character, as
 
 prima facie
 
 evidence of the existence of the road therein described, that it is competent for the inhabitants so assigned, when sued for the penalty incurred in refusing to work on the road, and also for the overseer, when indicted for not having the road put in order, to shew that they have committed no violation of law, for that there is no such road to be made or repaired, to be worked on or superintended. We must not extend penal enactments beyond their obvious meaning. Overseers are indicted for neglect of the public roads put under their charge; and the citizens of a district liable in penalties for refusing to work on the public roads to which they have been assigned. But neither the one nor the other can have failed in the performance of duty in regard to a public road, if it appear that such road has no existence either in law or in fact.
 

 The judgment of the Superior Court is affirmed with costs.
 

 Per CuRUM. Judgment affirmed.