The defendant asks for a new trial because of the refusal of the judge to instruct the jury as required, and because he charged *Page 257 
them that they might give damages for the loss of the hogs and other property if they thought it resulted from the pulling down of the fences. We entirely agree with his Honor on both points; and very much for the reasons assigned by him. The county court of each county is vested with "full power and authority to order the laying out of public roads," but none whatever to lay them out. That authority is given to another tribunal, that is, a jury. By section 2 of the act of 1784, Rev. Stat., ch. 104, sec. 4, it is ordained that "all roads shall be laid out by a jury of freeholders to the greatest advantage of the inhabitants and as little as may be to the injury of inclosures." And to secure a faithful discharge of their duty, the jury may make their return on oath. The court, then, have the power to decide whether the public convenience requires the laying out of the road, and to order a jury to be summoned to lay it out; but they have no power, except as to the termini, to direct the jury or any one else how it shall run, that being the exclusive right of the jury; their verdict being, of course, subject to the judgment of the court whether it shall be received or not. It has been urged before us that, as the defendant was acting under an order of the court of competent jurisdiction, he could not be a trespasser, as the order was not void, but only voidable. If this were the fact, the argument would be sound; but the order is not voidable alone, it is absolutely void, but for uncertainty and want of power in the court to make it. It is obvious, from an inspection of the record, that (368) the jury did not lay off the road. They neither marked nor staked it, nor designated in the report the course it should run; and until they had so done the court had no power to order it to be opened, for there is no road to be opened. All that the overseer can do is to carry into execution the determination of the jury. If the court direct him to vary from the location made by them or to open a road without their previous action, fixing where it shall run, their order is null and void and does not protect him. To hold that an order such as was made in this case would protect the overseer is at once to place at the irresponsible discretion of the county court and of the overseer the inclosed premises of every individual. The court would not be answerable, because, if valid, it would be a judicial act, and the officer would be irresponsible, because acting under a warrant from a competent tribunal. But the question has been already partially decided in S. v. Marble, 26 N.C. 321, and in Baker v.Wilson, 25 N.C. 170. In the latter, the plaintiff was appointed an overseer of a road that had no existence in law or in fact, and the action was brought to recover from the defendant one of the hands assigned to the plaintiff, the penalty for not working on it. On behalf of the plaintiff it was contended that the order was a judicial determination that there was such a road. The court decided *Page 258 
that it was not, that so to hold would be to repeal the act of the Legislature on the subject. In this case the road ordered by the court to be opened by the overseer had no existence in law or in fact. If, instead of suing the defendant for a trespass, the plaintiff had put up his fences again, could an indictment have been maintained against him for obstructing a public road? Surely not, for the plaintiff was the owner of the land. If it could, the singular spectacle would have been exhibited of two antagonistic rights existing in different persons at the same time — the right of the overseer to throw down the fences and the (369) right of the owner to put them up. This cannot be so. If the order justified the overseer, then he had in law a right to do what he did, and it would have been criminal in the plaintiff to have opposed him, or permitted him, or to have obstructed the road after it was opened. But, again, if the county court had the power to make the order, it was the duty of the overseer to obey it, and, if he did not, he would be punishable by indictment. But Baker v. Wilson, decides that he could not be punished. The instruction prayed for could not have been given without a manifest and palpable violation of the act of Assembly. It is admitted that if the jury had laid out a road, the defendant had departed from it in pulling down the fences, and his justification is claimed under the order, on the plea that he had chosen the best and most convenient ground on which to run it between the points designated by the court. This defense substitutes the overseer for the jury, and transfers from the latter to the former a discretion which the law nowhere authorizes. It violates one of the most important provisions of the road law, the protection which it throws around the property of every citizen. It never was the will of the Legislature that any man's property should be taken for the use of the public without compensation; and the law we are considering so said, and appointed a tribunal to assess the damage each individual may sustain by running the road on his land — not the court nor the overseer, but a jury of his county. This case remarkably exemplifies the danger of departing from the provisions of the act. Two individuals on whose land the jury intended the road should run are allowed trifling compensation, for the injury was small, while the present plaintiff, through whose valuable lowgrounds and inclosures the overseer has chosen to run it for a quarter of a mile, is allowed nothing. Upon the return of the (370) jury, it was the duty of the county court to have set aside their verdict, because they had not performed the duty assigned them, and to have ordered another jury to go upon the ground. They had no right nor power to substitute themselves or the defendant in the place of a jury.
We entirely concur with his Honor, that the county court had no *Page 259 
power to make the order they did, nor had they the power to authorize any man to cut out a road at his discretion, and that the defendant was not justified by it in pulling down the fences of the plaintiff.
We agree with the court below on the question of damages. Every man, in law, is presumed to intend any consequence which naturally flows from a unlawful act, and is answerable to private individuals for any injury so sustained. The authorities cited at the bar, so far as we had it in our power to examine them, sustained the proposition. The question was very correctly left to the jury to say whether the loss of the hogs and other property was the consequence of the pulling down of the fences, and they said that it was.
PER CURIAM. No error.
Cited: Shoffner v. Fogleman, 44 N.C. 282; Burnett v. Thompson,51 N.C. 215; Burden v. Harman, 52 N.C. 355; S. v. Smith,100 N.C. 554; Johnson v. R. R., 140 N.C. 576; Cordell v. Tel.Co., 149 N.C. 413.