FIRST AMERICAN SAVINGS BANK, F.S.B. v. CALVIN O. ADAMS, PEGGIE D. DICKSON, AND CECIL D. DICKSON

No. 8718SC118

(Filed 6 October 1987)

1. Guaranty § 1— change of lender's name—identity of corporation not affected— enforceability of guaranty

There was no genuine issue of material fact as to plaintiff's identity as lender or as to plaintiff's right to bring suit for enforcement of a guaranty where plaintiff was known as First American Savings and Loan Association when the loan was made and subsequently changed its name to First American Savings Bank, F.S.B. N.C.G.S. § 1A-1, Rule 56(e).

2. Guaranty § 2— alleged discharge of guarantors—summary judgment for plaintiffs proper

In an action against the guarantors of a note on a construction loan, there was no genuine issue of material fact as to the lack of any binding agreement between plaintiff and the principal debtor by which defendants were discharged where defendants alleged that they had been discharged by virtue of an extension of time given to the principal debtor and there was no indication in the record that the guarantors' rights against the principal debtor were in any way impaired by the alleged extensions.

3. Guaranty § 2— impairment of collateral—summary judgment for plaintiffs proper

In an action against the guarantors of a note on a construction loan, there was no evidence of unjustifiable impairment of collateral where defendants had close ties with a debtor corporation; application of the proceeds from the sale of condominium units and use of rent monies were decisions made by the corporation, of which defendant Dickson was president; defendant Adams was negotiating for purchase of the stock and chose to guarantee repayment of the corporation's debt; plaintiff was not the debtor in possession; and the deed of trust permitted but did not require the lender to accelerate the debt or to enforce the assignment of rents clause. N.C.G.S. § 25-3-606.

APPEAL by defendants Calvin O. Adams and Peggie D. Dickson from *Albright, Judge.* Judgment entered 4 September 1986 in Superior Court, GUILFORD County. Heard in the Court of Appeals 26 August 1987.

Defendants are guarantors on a note executed by Dickson Construction Co. for a construction loan of $400,000 from plaintiff. Dickson Construction Co. was wholly owned by defendants Peggie D. Dickson and Cecil D. Dickson, who were president and secretary, respectively. Defendant Calvin O. Adams had allegedly

entered into an agreement with Cecil Dickson to buy Dickson's stock in the corporation. The note was signed on 26 April 1983, payable to "First American Savings and Loan Company." Since that date, plaintiff has changed its name to "First American Savings Bank, F.S.B." The purpose of the loan was to allow Dickson Construction Co. to build townhomes on land in Cleveland County, and $389,540.13 of the $400,000 was used for that purpose. The note was secured by a deed of trust on that property and the townhomes constructed thereon.

Payments under the note were to be for interest only until 31 January 1984 when the principal amount was due to be repaid. Dickson Construction Co. made the periodic interest payments until December 1983 when it defaulted on its obligations under the note. On 23 February 1984, after the note had matured, plaintiff applied the remaining $10,459.87 of the original face amount of the loan to the past due interest, and an additional $15,000 payment from Dickson Construction Co. was also applied to interest.

In June 1984, plaintiff approved the sale of three of the townhomes and executed release deeds, releasing those units from the coverage of the deed of trust securing the note. Part of the purchase prices of these units was applied to the outstanding loan balance according to a schedule adopted by First American in August 1983. Between June 1984 and July 1985, no action was taken by plaintiff to collect the remaining balance, nor were any payments made by Dickson Construction Co. or defendants. In July 1985, plaintiff began sending a series of demand letters to Dickson Construction Co., threatening to accelerate the loan and foreclose on the remaining townhomes if payment in full was not made by 15 October 1985. In September 1985, another unit was sold and released from the deed of trust, with a part of the purchase price being applied to the loan.

On 22 October 1985, plaintiff simultaneously filed this action against the guarantors on the note and began foreclosure proceedings on the townhomes. The foreclosure sale took place on 3 January 1986, with plaintiff submitting the high bid of $245,000. In this action, a default judgment was entered against defendants Peggie and Cecil Dickson. Superior Court Judge Joseph R. John later granted the motion of defendant Peggie Dickson to set aside the default, but denied a like motion by defendant Cecil Dickson.

(Defendant Cecil Dickson did not appeal that ruling, nor is he a party to this appeal.)

Plaintiff filed a motion for summary judgment against the two remaining defendants with supporting documents. Plaintiff contended that defendants were liable for a deficiency of $130,587.65 plus interest. Defendants filed materials opposing summary judgment on the grounds that genuine issues of material fact existed as to whether plaintiff had, by its conduct, lost the right to enforce the note against defendants as guarantors. The trial court concluded that no issue of material fact existed and summary judgment was entered against defendants, jointly and severally, for the amount claimed by plaintiff. Defendants appeal.

*Brooks, Pierce, McLendon, Humphrey and Leonard by Edward C. Winslow, III, Reid L. Phillips and James R. Saintsing for plaintiff-appellee.*

*Tuggle Duggins Meschan and Elrod, P.A., by J. Reed Johnston, Jr., and Frederick K. Sharpless for defendant-appellant Calvin O. Adams.*

*Brenda S. McLain for defendant-appellant Peggie D. Dickson.*

PARKER, Judge.

Defendants assign as error the entry of summary judgment for plaintiff. On this appeal, defendants contend that genuine issues of material fact existed as to the following questions: (i) whether "First American Savings Bank, F.S.B." has the authority to enforce a note made payable to "First American Savings and Loan Association"; (ii) whether plaintiff lost its right to enforce the note against the guarantors by extending the time for repayment by the maker without the express consent of the guarantors; and (iii) whether plaintiff lost its right to enforce the note against the guarantors by impairing the security for the debt. We find no genuine issue of material fact and affirm the summary judgment.

On motion for summary judgment, the burden is on the moving party to show that there is no genuine issue of triable fact and that they are entitled to judgment as a matter of law. *Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). The court must consider the pleadings and all discovery material on

file together with any affidavits submitted in support of or in opposition to the motion for summary judgment. Only if those materials affirmatively show the lack of any triable issue of fact and that the moving party is entitled to judgment as a matter of law should the motion for summary judgment be granted. *Id.*

[1] The first argument made by defendants is that the change of plaintiff's name somehow prevented it from enforcing this note. This argument is meritless. In its complaint, plaintiff alleged that it was "First American Savings Bank, F.S.B. (formerly First American Savings and Loan Association) . . . ." Defendants in their separate answers denied the allegation of plaintiff's identity for lack of information and belief. In its answers to interrogatories submitted by defendant Adams, plaintiff asserted that it was the lender on the note and that it was formerly known as First American Savings and Loan Association. Defendants cannot rely on general denials in their unverified answers to defeat the showing by plaintiff that First American Savings Bank, F.S.B., is the same corporate entity as First American Savings and Loan Association. G.S. 1A-1, Rule 56(e).

A change in a corporation's name does not affect the rights and libilities of that corporation. 18A Am. Jur. 2d *Corporations* § 288 (1985). Where a corporate name change does not affect the identity of the corporation, the corporation's rights under a guaranty are not abrogated. 38 Am. Jur. 2d *Guaranty* § 32 (1968). Even where a successor corporation takes over the assets of an old corporation to which a guaranty has been given, the new corporation may enforce the guaranty. *Trust Co. v. Trust Co.*, 188 N.C. 766, 125 S.E. 536, 37 A.L.R. 1368 (1924). Actions brought by a corporation after it has changed its name should be brought under the new name, even if such actions are brought for the enforcement of rights already existing at the time the change was made. 19 Am. Jur. 2d *Corporations* § 2217 (1986). Therefore, we conclude that there was no genuine issue of material fact as to plaintiff's identity as lender or as to plaintiff's right to bring suit for enforcement of the guaranty executed by defendants prior to the name change.

[2] Defendants next argue that they, as guarantors, were discharged by virtue of an extension of time given to the principal debtor to repay its obligations under the note. As a general

rule, material alteration of the contract between the principal debtor and the creditor without the guarantor's consent will operate to discharge a guarantor. G.S. 25-3-606; *Trust Co. v. Creasy*, 301 N.C. 44, 57, 269 S.E. 2d 117, 125 (1980). If the creditor enters into a binding agreement to extend the time of payment or performance, there has been a material alteration sufficient to discharge a guarantor. *Id.* In order to be binding, the agreement must be supported by consideration and must set a definite time for repayment. *Id.*

From the record, it appears that the note was due and payable in full on 31 January 1984. On 12 January 1984, plaintiff mailed a letter to the principal debtor demanding payment of past due interest and "all sums due as of the date you pay" by 12 February 1984. In April, another letter was sent giving the debtor until 6 May 1984 to pay "all sums due as of the date you pay." No action was taken, and much later another letter was sent giving the debtor until 11 August 1985 to cure the default. Finally, attorneys for plaintiff sent by certified mail a letter to the debtor giving it until 15 October 1985 to cure the default in order to avoid foreclosure. No payment was made and acceleration finally occurred on 15 October 1985. From this record, we conclude that extensions of time were granted by plaintiff with definite due dates. However, these extensions were not binding agreements which prevented the guarantors from paying the debt and pursuing their rights against the principal debtor, as the extensions were not supported by consideration.

In March of 1984, representatives of plaintiff met with defendant Dickson to discuss payment of delinquent interest and possible restructuring of the loan. The parties agreed that the principal debtor, Dickson Construction Co., would pay $15,000 in delinquent interest. In addition, the remaining loan proceeds would be applied to past due interest. Defendant Dickson stated in her affidavit in opposition to plaintiff's motion for summary judgment that it was her understanding "that [on] payment of the $25,000 to First American, First American would extend the terms of the Note and continue to allow the Corporation to make monthly payments equal to the accrued interest and not hold the Corporation in default on the Note." However, payment of the $25,000 could not have represented consideration for a new binding agreement to extend the time of payment, as it was a pay-

ment for an antecedent debt, namely delinquent interest on the original loan. *See Penn Compression Moulding, Inc. v. Mar-Bal, Inc.,* 73 N.C. App. 291, 326 S.E. 2d 280, *aff'd per curiam,* 314 N.C. 528, 334 S.E. 2d 391 (1985) (payment for an antecedent debt cannot be consideration for alteration of an existing contract). Defendant Dickson states in her brief that further sums were advanced by plaintiff to the principal debtor which she contends represented consideration for an extension agreement. However, nothing appears in the record on appeal about these additional sums, and plaintiff contends that it was simply exercising its rights under the deed of trust to maintain hazard insurance on the property securing the debt and that those sums had been advanced to Dickson Construction Co. to pay for such insurance.

In any event, there is no indication that the guarantors' rights against the principal debtor were in any way impaired by the alleged extensions. A guarantor is discharged when the debtor and lender enter into a binding agreement to extend the time for repayment on the theory that the guarantor's right to repay the debt and proceed against the debtor for repayment has been impaired by the agreement. *See Construction Co. v. Ervin Co.,* 33 N.C. App. 472, 235 S.E. 2d 418 (1977). Nothing in the record indicates that the guarantors' right to pay the debt and proceed against the debtor was in any way impaired. We conclude that there is no genuine issue of material fact as to the lack of any binding agreement between plaintiff and the principal debtor by which defendants were discharged.

[3] The final question presented by this appeal is whether defendants were discharged from their obligations as guarantors by reason of plaintiff's unjustified impairment of the collateral securing the loan. Defendants contend that the collateral was impaired in two ways. First, defendants assert that plaintiff applied insufficient funds from the proceeds of the sales of several townhomes to the loan prinicpal before releasing those units from the coverage of plaintiff's deed of trust on the project. Second, defendants contend that plaintiff unjustifiably failed to collect the rents from leased townhomes by its delay in accelerating the loan and after it had accelerated the loan. The note and deed of trust gave plaintiff the authority to collect those rents in the event of default and apply them to principal and interest on the loan.

In making this argument, defendants rely on General Statute 25-3-606, which provides:

(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder

. . .

(b) unjustifiably impairs any collateral for the instrument
. . . .

This section requires that the impairment of collateral be unjustifiable. From our review of the record, we find no evidence of any unjustifiable impairment of collateral. Defendants' argument overlooks the close ties which defendants had with the debtor corporation. Application of the proceeds from sale of condominium units and use of rent monies were decisions made by the corporation of which defendant Dickson was president. Defendant Adams was negotiating for purchase of the stock and chose to guarantee repayment of the corporation's debt. *See Trust Co. v. Larson*, 22 N.C. App. 371, 206 S.E. 2d 775, *cert. denied*, 286 N.C. 214, 209 S.E. 2d 315 (1974). Moreover, plaintiff was not the debtor in possession. Although the deed of trust permitted, it did not require the lender to accelerate the debt or to enforce the assignment of rents clause.

The guaranty signed by defendants was typed at the bottom of the note and stated simply:

For value received, we, both jointly and severally, guarantee payment of principal and interest of the foregoing Note.

WITNESS our hands and seals this the 26th day of April, 1983.

This language created an absolute guaranty of payment which obligated the guarantors to pay the debt if the debtor corporation failed to pay. *See Amoco Oil Co. v. Griffin*, 78 N.C. App. 716, 338 S.E. 2d 601, *disc. rev. denied*, 316 N.C. 374, 342 S.E. 2d 889 (1986). In our view, accepted as true, defendants' statements in their affidavits in defense of plaintiff's claim would not as a matter of law bar plaintiff's recovery on the guaranty. Plaintiff, having met its burden of showing no genuine issue of material fact, was entitled to judgment as a matter of law.

Affirmed.

Judges ARNOLD and JOHNSON concur.