Nash, J.
 

 The first instruction, given by the Court, is in answer to an objection made by the defendant’s counsel “that the defendant could not be convicted, because the road had not been legally laid out or established as a public road,” either by the act of the Legislature, as in the case of Rail
 
 *320
 
 roads, or by the County Court, or by a dedication of it by the individual owning the land over which it runs. The judge instructed the jury, that,, if they believed the road had ^eejl use¿[ for twenty years and upwards, as a public road,, as testified by the witnesses, a legal allotment or setting apart of the road to the public would be presumed. This instruction is, we think, erroneous in two particulars. If it was-the meaning of the Court to inform the jury, that, where a road is established by a dedication of it to the use of the public, twenty years user of it by the public was necessary to constitute it a public road, we think he erred. When such dedication, which is the act of the party, takes place, much less, time will suffice, and the time may, in some cases, commence with the dedication itself. As where an individual, owning land in a town, lays out a street- through it and lots-on the sides, and sells the lots, the dedication is complete at once. For it is rather the intention of the owner, than the length of time of the user, which must determine the fact of the dedication. Woolridge on Ways, p. 11. 11th East. 376 note — by Loud Kenyon. From the objection taken, how ever, and the reply to it by the Com’t, we presume, an allotment or setting apart by the County Court, or the action of the Legislature, was meant, and to. that principle it was the intention of the judge to direct the attention of the jury. In that view of the- charge, we think there is error. From the case it appears, that the public had had but about fifteen or sixteen years undisturbed possession; for it is stat-that the gate had been erected nine or ten years before this indictment, and that the right of the defendant to erect and keep it up had not, during that space of time, been questioned. We are of opinion, that, where a road has been used by the public, as a public highway, for twenty years, and there is no evidence how this user commenced, a presumption in law arises, that it has been, by due course of law and by the proper tribunal, laid off and established as a public road or highway. A possession or user by the public, for less time, will not raise the presumption. In this case the
 
 *321
 
 twenty years Iracl not expired, at the time the gate was erected; for the remainder of the time the public enjoyed the use
 
 cum oTtere. Geringer
 
 v
 
 Summers,
 
 2 Ired. 232.
 

 We do not concur with Ms HoNon in the second branch of his instructions. According to the instructions as given, if the County Court should, without a petition in writing, or the intervention of a jury, or notice to the party interested, lay out a road through an individual’s land or field, and appoint an overseer and allot him hands, this road, when opened by the overseer, would be
 
 de facto
 
 a public road, and no other more formal proceedings would be necessary; and it would be an indictable offence to obstruct it. We cannot concur in this view of the law, as an unqualified proposition. The law requires that, to establish a public road, a petition in writing shall be filed in Court, and that it shall be made appear to the satisfaction of. the Court, that all persons, over whose lands it may be intended the road shall pass, shall have received twenty days notice, and the Court shall then appoint a jury to lay off the road and assess to the parties interested the damages they shall sustain by the establishing of such road. If the instructions we are now considering be correct, all these guards to private rights are thrown down, and the owner of the land is deprived of the use of it, and is indictable if he obstructs the road, even by putting up a gate across it to protect a growing crop. We do not deny that there may he a public road
 
 de facto
 
 — and the question, whether such a road were properly laid out or not, or whether it was dedicated by the owner, can only arise between the public and the owner: it is binding on all others. And in this case, the defendant, though not stated in the case to be so, we gather from all the facts, was the owner of the soil, over which the road obstructed runs. These principles are clearly deduced from the case,
 
 Woolard
 
 v
 
 McCullough,
 
 1 Ired. 432.
 

 We agree with his Honob, that the length of time, during which the gate had been standing on the road, did not authorize the jury to presume a grant for its erection. This
 
 *322
 
 grant could only be made by the County Court, upon a proper application, supposing that the road was a public road; and the user of the gate, for a less time than that which authorize the presumption of a laying out of the road by a proper order of the County Court, ‘will not authorize the presumption of a grant by the Court of the right to erect it.
 

 Upon the whole the judgment of the Court is erroneous, and a
 
 venire de novo
 
 is ordered.
 

 Per Curiam, Judgment reversed and
 
 venire
 
 tie
 
 novo
 
 awarded.