J. C. TISE v. WHITAKER-HARVEY COMPANY.

(Filed 14 December, 1907).

1. **Public Way—Alley—Adverse User—Dedication.**

> The right to a public way cannot be acquired by adverse user, and by that alone, for a period short of twenty years. When it is dedicated to the public, the time of user becomes immaterial.

2. **Same—Alley—Dedication—Intent, Implied.**

> A dedication of a public way, and the intent to do so, may be either in express terms or implied from the conduct on the part of the owner, though an actual intent to dedicate may not exist, and, when once accepted by the public, the owner cannot recall the appropriation.

3. **Same—Alley—Dedication—Intent—Acceptance—Evidence—Questions for Jury.**

> The evidence tended to show, with other evidence conflicting, that the owner of the land sought to be established as a public alley moved back his fence so that the land could be and was used by the public generally as an alley. His acts and conversation tended to show that he regarded it as such. An abutting owner made improvements of such nature as to so indicate it, and it was used by the public both in passing and working it, all with the knowledge of the defendant or its grantor: *Held,* evidence sufficient to go to the jury upon the questions of dedication and acceptance.

CIVIL ACTION, tried before *Moore, J.,* and a jury, at September Term, 1907, of the Superior Court of FORSYTH County.

At the close of plaintiff's evidence in chief, and again at the close of the entire evidence, there was a motion for nonsuit, under the statute. The latter motion was allowed by the court, and plaintiff excepted and appealed.

*A. H. Eller* and *Lindsay Patterson* for plaintiff.

*Watson, Buxton & Watson* and *Manly & Hendren* for defendant.

HOKE, J. This is an action by plaintiff to obtain a permanent injunction restraining defendant from obstructing an alley, alleged to be a public way, and thereby causing special damage to plaintiff as an abutting owner. The case was before us at the last term, on an appeal by defendant from the refusal of the court below to discharge a preliminary restraining order which had been issued in the cause, and it was sent back on a ruling that there were serious questions raised as to the existence of facts making for plaintiff's recovery, and evidence tending to show that the alley in question was a public way and that its obstruction, as intended and undertaken by defendant, if allowed to go on, would cause special damage to plaintiff as one of the abutting owners. The cause coming on for hearing below, on the issues indicated as material in the former opinion, on motion by defendant, entered regularly under the statute, the action was dismissed, the court holding that there was not sufficient testimony to carry the case to the jury, and in this we think there was error.

It is well understood with us that the right to a public way cannot be acquired by adverse user, and by that alone, for any period short of twenty years. It is also established that, if there is a dedication by the owner, completed by acceptance on the part of the public, or by persons in a position to act for them, the right at once arises, and the time of user is no longer

material. The dedication may be either in express terms, or it may be implied from conduct on the part of the owner; and, while an intent to dedicate on the part of the owner is usually required, it is also held that the conduct of the owner may, under certain circumstances, work a dedication of a right of way on his part, though an actual intent to dedicate may not exist. These principles are very generally recognized and have been applied with us in numerous and well-considered decisions. *Millikens v. Denny,* 141 N. C., 224; *State v. Fisher,* 117 N. C., 733; *Kennedy v. Williams,* 87 N. C., 6; *Boyden v. Achenbach,* 79 N. C., 539; *Crump v. Mims,* 64 N. C., 767; *State v. Marble,* 26 N. C., 318; Elliott on Roads and Streets (2d Ed.), secs. 121, 122, 123 *et seq.* In treating of this subject this last author says: "An implied dedication is one arising by operation of law from the acts of the owner. It may exist without any express grant, and need not be evidenced by any writing, nor, indeed, by any form of words, oral or written." And further, on the question of intent, in section 124: "It is essential that the donor should intend to set the land apart for the benefit of the public, for it is held, without contrariety of opinion, that there can be no dedication unless there is present the intent to appropriate the land to the public use. If the intent to dedicate is absent, then there is no valid dedication. The intent which the law means, however, is not a secret one, but is that which is expressed in the visible conduct and open acts of the owner. The public, as well as individuals, have a right to rely on the conduct of the owner as indicative of his intent. If the acts are such as would fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate, and they are so received and acted upon by the public, the owner cannot, after acceptance by the public, recall the appropriation. Regard is to be had to the character and effect of the open and known acts, and not to any latent or hidden purpose." And again in section 126: "A misconception of the true meaning of the

rule that the intent to dedicate must be clearly shown has, it seems to us, carried some courts to erroneous conclusions. While it is true that this intent must always appear to exist, it is not true that it must always in fact exist in the mind of the owner. * * * These familiar examples serve to show that in many instances it is the apparent and not the real intent that the law regards. In one of the familiar maxims of the law is expressed a principle that should be applied in cases of dedication, and that is, that a man is presumed to intend the usual and natural consequences of his acts. There is no reason why sound general principles, found to be wise and salutary in other instances, should not apply to dedications."

It is not considered desirable in an appeal of this character to dwell upon the testimony relevant to the issue which makes for plaintiff's position, nor to state it in detail; but, speaking in general terms, we are of the opinion that a proper application of the principles stated to the facts and attendant circumstances requires that the question of dedication in this case should be determined by the jury; and on this question the moving back of the fence and throwing out of this alley, so that it could be and was used by the public generally, the conversation and acts of the owners in respect to it, the nature and extent of the improvements being made by Tise at the time, and the kind of access likely to be required for their reasonable and proper enjoyment, the use of the alley by the public, both in passing and in working same, if there was such working, to the knowledge of the Ogburns, or under circumstances where such user must have come under their observation, these and other considerations may be submitted as relevant to the inquiry. For, if the intent on the part of the Ogburns in moving back the fence and making place for this alley was to appropriate the same to the public, such an intent would be allowed its proper and pertinent force, though the motive may have been to oblige and accommodate Tise. As stated in the former opinion, there is much evidence on the

part of defendant contradicting that of plaintiff and tending to show that there has never been any dedication of this alley to the public, and that any and all user of the same, either by individuals or the public, has been permissive and never adverse. And it is especially urged upon the Court that the written paper under which Tise makes his present claim gives clear indication that no dedication to the public was understood or intended by either party. This and other pertinent matters tending to sustain defendant's claim should be submitted for the consideration of the jury on some issue determinative of the rights of the parties litigant, but they do not justify the action of the court in dismissing plaintiff's case, under the statute. For this error there will be a new trial, and it is so ordered.

New Trial.