H. C. KIRKHART v. THOMAS A. SAIEED AND MARILYN SAIEED v. BOARD-WALK DEVELOPMENT COMPANY, INC., A NORTH CAROLINA CORPORATION; RONALD A CHUPKA, SANDY CHUPKA, DAVID ROCK WHITTEN, AND MONICA F. WHITTEN

No. 895SC553

(Filed 3 April 1990)

**Guaranty § 2 (NCI3d) — modification of guaranty agreement — not material — guarantors not released**

The trial court did not err by finding and concluding that a Loan Modification Agreement did not materially alter a note which defendants had guaranteed and did not release defendants from their original obligation where plaintiffs released certain property to be sold, the release schedule for certain units was changed, and plaintiff agreed to forebear foreclosure for a consideration of $10,000. The general rule states that there can be no material alterations without a guarantor's consent; it does not state that there can be no modifications.

**Am Jur 2d, Guaranty §§ 81, 82.**

APPEAL by defendants Thomas A. Saieed and Marilyn Saieed from *Barefoot (Napoleon B.), Judge.* Judgment entered out of session on 10 April 1989 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 9 November 1989.

Plaintiff filed an action against defendants on 16 December 1986, alleging that defendants were personal guarantors of a promissory note executed to plaintiff by Boardwalk Development Company, Inc. (hereinafter Boardwalk) on 12 April 1985. Plaintiff requested that defendants be held liable on the unpaid note for the principal sum of $150,000.00, plus interest and attorney fees.

This action was heard without a jury on 16 March 1986. Judgment was rendered in plaintiff's favor out of session on 10 April 1989. From this judgment, defendants appeal.

*Shipman & Lea, by James W. Lea, III, for plaintiff-appellee,*
*H. C. Kirkhart.*

*Marshall, Williams, Gorham & Brawley, by Ronald H. Woodruff,*
*for defendant-appellants, Thomas A. Saieed and Marilyn Saieed.*

ORR, Judge.

On 12 April 1985, defendants signed a promissory note between plaintiff and Boardwalk as guarantors of the principal amount of $150,000.00. Additional guarantors were Ronald Chupka, Sandi Chupka, David Rock Whitten and Monica F. Whitten. Plaintiff received an additional $25,000.00 as fee to "boost the yield" for the promissory note.

To secure the note, plaintiff received a deed of trust executed by Boardwalk encumbering the construction project (a motelominium at Carolina Beach) for which the funds borrowed were to be used. The deed of trust was secondary to the deed of trust for the primary construction loan from Carolina Savings and Loan to Boardwalk in the amount of 3.2 million dollars.

The promissory note between Boardwalk and plaintiff dictated that Boardwalk would pay $1,562.50 per month in interest (12½%) from 1 May 1985 until 12 November 1986 at which time the entire $150,000.00 principal would be due and payable. There was no provision that the principal amount could be paid earlier than 12 November 1986.

Plaintiff also entered into a separate agreement exclusively with David Rock Whitten whereby Whitten was given power of attorney to release from the deed of trust certain units to be sold, and Whitten was to report on the status of the project and provide other documentation to plaintiff. Whitten did not provide such reports or documentation, and plaintiff subsequently revoked Whitten's power of attorney and substituted another trustee under the original deed of trust.

By spring 1986, Boardwalk was experiencing serious financial problems. It was behind in its payments on the original construction loan to Carolina Savings and Loan and had made only late or partial interest payments to plaintiff, although it was not in actual default of the interest payments. Because Boardwalk was in default of the original construction loan, however, it was in technical default of its promissory note with plaintiff. Under the note, in these cir-

cumstances, plaintiff had the right to accelerate the schedule and demand payment in full.

Instead of accelerating the schedule for payment, however, plaintiff entered into a Loan Modification Agreement (hereinafter the agreement) with Boardwalk. Defendant Thomas Saieed was aware of this agreement and its terms. Although he expressed some objections to the terms to plaintiff and others and did not sign the agreement as an officer of the corporation, Mr. Saieed testified he acquiesced in the agreement in order to benefit Boardwalk.

The terms of the agreement provided that in consideration for plaintiff's forbearance of his right to foreclose, Boardwalk would pay plaintiff an interest payment of $10,000.00 in addition to the interest due as set forth in the original note. Plaintiff also agreed to release the lien of his deed of trust on additional property in the construction project (known as the restaurant property). Boardwalk needed this piece of property to raise additional funds of $100,000.00, which plaintiff believed Boardwalk would use to cure its default with Carolina Savings and Loan. The remaining terms of the agreement set forth a new release schedule on the remaining units to be sold in the construction project, which affected only the release agreement between plaintiff and David Rock Whitten. (The promissory note had no provisions regarding release of units.)

The release schedule in the agreement further required payments to reduce the principal amount of the note. Paragraph 6 of the agreement stated that the note and deed of trust would remain fully enforceable except as modified by the agreement.

Boardwalk sold the restaurant property for $100,000.00. Of this amount, plaintiff received $10,000.00 pursuant to the agreement, Carolina Savings and Loan received a portion for interest, and an attorney received a portion to pay bankruptcy filing fees for Boardwalk on 6 May 1986.

Since 6 May 1986, plaintiff pursued other members of Boardwalk to collect the amount due on the promissory note. Plaintiff testified that he has obtained a judgment against the Whittens, but David Rock Whitten had been incarcerated and the Chupkas moved out of state and were "essentially judgment proof."

After considering testimony from plaintiff, defendants, and attorney Jim Snow (who handled the closing on the restaurant proper-

ty) and a deposition from attorney Algernon Butler (who handled the bankruptcy filing), the trial court made the following findings of fact and conclusions of law:

13. The Defendant, Thomas Saieed, was present at the closing and rendered no objection, express or implied, or lack of knowledge about the terms of the agreement, and acquiesced in its execution. The Defendant then tendered the signed Loan Modification Agreement to the drafting attorney.

14. Though termed a "Loan Modification Agreement" the terms of this document, namely, the release of the restaurant property for $10,000.00 and the release schedule for units at Cabana de Mar did not change at all the original terms and conditions of the Promissory Note, but instead, merely affected and regulated matters collateral to the subject matter of the original Note.

15. The Plaintiff received $10,000.00 for the release of the property which was not covered by the original Deed of Trust and for which payment he forebore to foreclose, a remedy to which he was entitled. Under the terms of the Promissory Note, such forebearance has been waived as a defense by all parties to the Note.

16. The new release schedule on the remaining units left to be sold at Cabana de Mar affected only the agreement executed between Plaintiff and David Rock Whitten, an agreement to which no provision in the Promissory Note or Deed of Trust refers or incorporates.

17. The interest payments called for in the release schedule are in addition to, and separate and distinct from, the interest called for in the original Note, and so do not affect the interest rate or terms of the original Note guaranteed by the Defendants.

. . .

19. Boardwalk Development Company, Inc. paid Plaintiff $10,000.00. Defendant, Thomas A. Saieed, as a principal stockholder and negotiator of the "Loan Modification Agreement" has stated that he had actual knowledge of these terms and presented no facts to substantiate that he had any objection to its payment.

20. Defendants, Boardwalk Development Company, Inc. and Thomas A. Saieed, accepted the benefits made available to them under the "Loan Modification Agreement", namely, Plaintiff's forebearance to foreclose and the sale of the restaurant property.

21. Through the course of this transaction, Thomas Saieed has acted on behalf of, and as the agent for, his wife, Marilyn Saieed.

## CONCLUSIONS OF LAW

1. The Defendants, Thomas and Marilyn Saieed, signed a Promissory Note executed by Boardwalk Development Company, Inc. to H.C. Kirkhart on April 12, 1985, in the individual capacity as personal guarantors of payment.

2. That the "Loan Modification Agreement" executed between Plaintiff and Boardwalk Development Company, Inc. addressed matters collateral to the subject matter of the Promissory Note, therefore leaving the original agreement intact and denying any discharge of the guarantors under the theory of material alteration.

3. Thomas Saieed at the time of the execution of the "Loan Modification Agreement" was acting agent for Marilyn Saieed and in doing so ratified the Loan Modification Agreement on her behalf.

4. The Defendants, Thomas and Marilyn Saieed, ratified the "Loan Modification Agreement" due to their knowledge of its terms, their acquiescence in its execution, their acceptance of its benefits, and their affirmative execution of its provisions and are therefore bound by its terms.

5. That the Defendants, Thomas A. Saieed and Marilyn Saieed, have defaulted in their agreement with the Plaintiff as guarantors and are liable for principal and interest, as well as attorney's fees from the date of breach, April 1, 1986, as set out in the terms of the Promissory Note.

(Exceptions omitted.)

The trial court then ordered defendants to pay plaintiff $150,000.00 plus interest and attorneys fees and allowed defendants

to recover this amount from Boardwalk and the other named defendants.

In a non-jury trial, Rule 52(a) of the N.C. Rules of Civil Procedure, requires that the trial court "find the facts specially and state separately its conclusions of law thereon . . . ." So long as there is some evidence to support the trial court's findings, the appellate courts are bound by such findings, even though there is contrary evidence to sustain other findings. *Lyerly v. Malpass*, 82 N.C. App. 224, 225, 346 S.E.2d 254, 256 (1986), *disc. rev. denied*, 318 N.C. 695, 351 S.E.2d 748 (1987), *citing In re Montgomery*, 311 N.C. 101, 316 S.E.2d 246 (1984). The trial court is in the best position to weigh the evidence, determine the credibility of witnesses and "the weight to be given their testimony, and draws the reasonable inferences therefrom." *Id.* at 225-26, 346 S.E.2d at 256 (citation omitted).

In the case *sub judice*, defendants argue that the loan modification agreement materially altered the original note, thereby releasing them from their status as guarantors. The general rule in this State is that a material alteration of a contract between a principal debtor and creditor without the guarantor's consent will discharge the guarantor from its obligation. N.C. Gen. Stat. sec. 25-3-606; *First American Savings Bank, F.S.B. v. Adams*, 87 N.C. App. 226, 230, 360 S.E.2d 490, 493 (1987) (citation omitted).

We agree with the trial court that the terms of the agreement, namely plaintiff's release of the restaurant property for $10,000.00 and the release schedule for certain units and plaintiff's forbearance, did not change the terms of the original note. Plaintiff and defendant Tom Saieed testified that the terms of the original note were still in full force and effect at the time of the agreement. Other than the $10,000.00 lump sum plaintiff received when Boardwalk sold the restaurant property, there were no increases in the interest payments under the original note. The only thing that changed under the agreement was that a portion of the sales from certain units would be applied to reduce the principal of the note. Had this occurred prior to Boardwalk's filing for bankruptcy, defendants would have benefitted by a reduction in the principal amount owed.

We find that the trial court correctly determined that the terms of the agreement were collateral to the original note and did not *materially* alter the note. The general rule does not state that there can be *no* modifications to the original contract; it simply

states that there can be no *material* alterations without a guarantor's consent, or the guarantor will be released from its obligation.

Because we find that the loan modification agreement did not release defendants from their original obligation under the promissory note, we need not reach defendants' remaining exceptions and assignments of error. We have, however, reviewed the complete transcripts and other evidence and find that there was ample evidence to support all of the trial court's findings of facts and conclusions of law.

For the reasons set forth above, we find no error by the trial court.

Affirmed.

Judges EAGLES and PARKER concur.