DEPARTMENT OF TRANSPORTATION, Plaintiff v. RICHARD C. HAGGERTY, JR., Defendants

DEPARTMENT OF TRANSPORTATION, Plaintiff v. MARILYN A. McINTOSH, individually and as Custodian for Bonnie McIntosh and Betsy McIntosh; BONNIE McINTOSH; BETSY McINTOSH; and ALEXANDER McINTOSH, Defendants

DEPARTMENT OF TRANSPORTATION, Plaintiff v. HOWARD FRANKLIN WILLARD, JR. and wife, VIVIAN WILLARD, Defendants

DEPARTMENT OF TRANSPORTATION, Plaintiff v. WILLIAM F. STEVENS and wife, NANCY J. STEVENS; EUGENE W. PURDOM, Trustee; and SOUTHERN NATIONAL BANK OF NORTH CAROLINA, Defendants

No. COA96-1303

(Filed 7 October 1997)

**Highways, Streets, and Roads § 1 (NCI4th)— width of right-of-way—unrecorded plat—referenced in deeds**

The trial court did not err by ruling that DOT had existing rights-of-way 50 feet from the center of each side of Wendover Avenue rather than the 30 feet claimed by defendants where defendants' deeds referred to unrecorded plats that showed the 100-foot right-of-way; defendants allowed public utilities, without

easements, to place utility poles on defendants' land more than 30 feet from the center of Wendover Avenue; the State placed concrete right of way monuments on the properties in 1940 at 50 feet from the center line; and defendants were not paying ad valorem taxes on the land within the 100-foot right-of-way. Once the landowner has notice of the plat through his deed, the plat does not have to be recorded to effect a right-of-way dedication, and the dedication becomes irrevocable once it has taken place, is open to the public and at least part of the area is maintained.

Appeal by defendants from order entered 25 July 1996 by Judge Howard R. Greeson, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 26 August 1997.

This is a joint appeal by four defendants who own tracts of real property abutting Wendover Avenue in Guildford County. In July 1993, the Department of Transportation (DOT) filed separate condemnation actions against each of the defendants. In each action, DOT claimed that the parcel it sought to condemn was subject to an existing 100 foot right of way. In their answers, the defendants claimed the right of way was only 60 feet, or 30 feet from the center on each side of Wendover Avenue. After a hearing, the trial court entered an order on 25 July 1996 concluding that the existing right of way was 100 feet, or 50 feet from the centerline of Wendover Avenue.

After 1929, the State Highway Commission had been claiming a 60 foot right of way, 30 feet on each side of the center line on all state highways. Effective 1 June 1938 the Commission by regulation began to claim a 100 foot right of way on all state highway projects thereafter constructed. "[O]n all state highway projects constructed after June 1, 1938, the right of way shall extend 50 feet from the center of the highway on either side, unless a narrower or wider right of way is indicated by appropriate right of way markers on the ground." N.C. **Admin. Code** tit. 19A, r. 02B.0160 (Dec. 1994) (repealed 1993). Wendover Avenue is a State road which has been maintained as part of the State Highway system since 1930. Wendover was paved in the late 1940's. Around that time, the State Highway Commission, the DOT's predecessor, set concrete right of way monuments at 50 feet from the center line on the Haggerty, McIntosh and Willard properties. The defendants' deeds and instruments of conveyance in their chain of title included unrecorded surveys referencing a 50 foot right of way from the center of Wendover Avenue.

DEPT. OF TRANSPORTATION v. HAGGERTY

[127 N.C. App. 499 (1997)]

Following a consolidated hearing, the trial court ruled that the DOT had existing rights of way 50 feet from the center of Wendover Avenue on all of the defendants' tracts.

Defendants appeal.

*Attorney General Michael F. Easley, by Assistant Attorney General David R. Minges, for plaintiff-appellee.*

*Wyatt Early Harris & Wheeler, L.L.P., by Frank B. Wyatt and Stanley F. Hammer, for defendant-appellants.*

EAGLES, Judge.

The only issue here is whether unrecorded maps and surveys which fail to show a subdivision of land support an offer of dedication in favor of the State of North Carolina. Defendants argue that an unrecorded survey or map, which does not reflect a subdivision of land, may not form the basis of a dedication to a state or agency. They argue that the plat or map must be recorded before a dedication becomes effective and that the landowner must have intended to make a dedication. In addition, they argue that the plats here do not reflect a subdivision of lots for sale. They rely on G.S. 136-96 and G.S. 136-102.6 to support their argument that the plat or survey must be recorded. After careful review, we disagree.

"Generally, where lots are sold and conveyed by reference to a plat which represents the division of a tract into streets and lots, recordation of the plat is an offer to dedicate those streets to the public." *Tower Development Partners v. Zell*, 120 N.C. App. 136, 141, 461 S.E.2d 17, 20 (1995). However, under a common law dedication, subjective intent to make a dedication and a recording of the plat is unnecessary. *Tise v. Whitaker*, 146 N.C. 374, 376, 59 S.E. 1012, 1013 (1907). An implied dedication can arise out of the acts of the owner. *Id.* at 376. "A map or plat referred to in a deed becomes part of the deed and need not be registered." *Kaperonis v. Highway Commission*, 260 N.C. 587, 597, 133 S.E.2d 464, 471 (1963) (quoting *Collins v. Land Co.*, 128 N.C. 563, 565, 39 S.E. 21, 22 (1901)). Therefore, as long as the landowner has notice of the plat through his deed, the plat does not have to be recorded in order to effect a right of way dedication. Once a right of way dedication has taken place and becomes open to the public and at least part of the area is maintained, the period of use becomes immaterial and the dedication becomes irrevocable. *Steadman v. Pinetops*, 251 N.C. 509, 516, 112 S.E.2d 102, 107 (1950).

Here the defendants' deeds referred to plats that showed the 100 foot right of way. In addition, the defendants allowed public utilities, without easements, to place utility poles on the defendants' land more than 30 feet from the center of Wendover Avenue. The DOT correctly argues that this shows objectively an intent to dedicate a 50 foot right of way. In 1940, the State Highway Commission also set concrete right of way monuments on the Haggerty, McIntosh and Willard properties which should have put the defendants on notice of the 50 foot right of way being claimed by the Highway Commission. Finally, the tax cards for Stevens,' McIntosh's and Haggerty's predecessors showed that the defendants were not paying ad valorem taxes on the land within the 100 foot right of way. This further suggests that the defendants had notice of and intended or acquiesced in the right of way being claimed by the DOT.

Affirmed.

Judges MARTIN, John C., and TIMMONS-GOODSON concur.