DEPARTMENT OF TRANSPORTATION, Plaintiff v. ELM LAND COMPANY, FIRST AMERICAN TITLE OF THE CAROLINAS, LLC, Trustee, TEXTRON FINANCIAL CORPORATION; DAVID L. HENDERSON, Trustee; CHARLOTTE NATIONAL INVESTMENT COMPANY; AND CHARLOTTE GOLD LINKS, LLC, Defendants

No. COA03-468

(Filed 16 March 2004)

**1. Appeal and Error— appealability—condemnation order— substantial right affected**

A condemnation order was interlocutory but affected substantial rights and was immediately appealable.

**2. Eminent Domain— condemnation—dedication—intent**

There was competent evidence in a condemnation proceeding to support findings that defendant never intended to donate a right-of-way unless its zoning petition was approved. It is within the trial court's discretion to determine the weight and credibility of evidence in a non-jury trial.

**3. Appeal and Error— assignments of error—authority required**

Assignments of error not supported with authority are abandoned, as are errors assigned and argued under different theories.

**4. Eminent Domain— conditional dedication—null and void**

A conclusion that defendant did not expressly dedicate a right-of-way to the public was supported by findings that defendant's conditional dedication of the right-of-way became null and void when defendant's zoning application was denied.

**5. Eminent Domain— implied dedication—evidence insufficient**

There was no implied dedication of a right-of-way where defendant refused to allow construction of an electronic transmission line over the property, constructed a private sewer line over the property, and paid taxes on the property.

**6. Appeal and Error— assignment of error—inconsistent argument**

An argument about the admission of testimony was deemed abandoned where the error was not argued on the theory assigned.

DEPARTMENT OF TRANSP. v. ELM LAND CO.

[163 N.C. App. 257 (2004)]

**7. Evidence— relevancy—condemnation—intent to dedicate right-of-way**

A landowner's intent to dedicate a right-of-way to the public is relevant to whether the dedication was made.

**8. Evidence— condemnation—city council minutes and public hearing file—excluded**

There was no abuse of discretion in a right-of-way case in the exclusion of city council minutes and a DOT public hearing file that referred to a dedication but did not mention defendant.

**9. Eminent Domain— findings and order—motion to amend denied**

The trial court did not err in a right-of-way case by denying a motion to amend the findings, make additional findings, and amend its order.

Appeal by plaintiff from order entered 22 January 2003 by Judge Marcus L. Johnson in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 January 2004.

*Attorney General Roy Cooper, by Assistant Attorney General James M. Stanley, Jr., for the State.*

*The Odom Firm, PLLC, by T. LaFontaine Odom, Sr., and Thomas L. Odom, Jr., for defendant-appellee Elm Land Company.*

TIMMONS-GOODSON, Judge.

The Department of Transportation ("DOT") appeals from an order of the trial court declaring that DOT acquired a public right-of-way over property owned by Elm Land Company ("defendant") without compensation. The trial court further ordered a jury determination of the amount of damages, if any, owed to defendant. For the reasons stated herein, we affirm the order of the trial court.

The evidence presented at trial tended to show that DOT commenced this action on 20 November 2000 by filing a Complaint and Declaration of Taking to condemn and take a temporary construction easement across a portion of defendant's property in Mecklenburg County. On 9 January 2002, defendant filed an Answer to Complaint, Response to Declaration of Taking, and a Counterclaim for Inverse Condemnation alleging that DOT appropriated approximately 6 acres

of real property owned by defendant without paying just compensation. DOT moved the trial court to determine all issues raised by the pleadings other than the issue of damages. The matter came before the trial court 22 January 2003, at which time the trial court made the following pertinent findings of fact:

7. On February 14, 1986 Elm Land acquired 25 acres of land in Mecklenburg County by North Carolina General Warranty Deed from Rea Brothers, Inc. . . . .

8. On April 30, 1987 Elm Land acquired 5.381 acres in Mecklenburg County by North Carolina General Warranty Deed from First Providence Investors . . . within this deed the description referred to a "proposed 100' right-of-way as shown on survey" and "right-of-way margin of said proposed right-of-way" and referred to a survey for "First Providence Investors" . . . .

9. On April 30, 1987 by North Carolina General Warranty Deed Elm Land conveyed 2.375 acres and 0.004 acres to First Providence Investors . . . within this deed the description referred to "proposed 100' right-of-way," and "proposed right-of-way" and referred to a survey for "First Providence Investors" . . . .

10. Prior to April 30, 1987 Elm Land and First Providence Investors worked together to prepare for filing a joint rezoning petition with the Charlotte-Mecklenburg Planning Commission for their respective properties, adjacent to each other, located in southeastern Mecklenburg County.

11. On May 1, 1987 Willie Rea, as a general partner for Elm Land, signed a letter on behalf of Elm Land addressed to the Charlotte-Mecklenburg Planning Commission which "authorizes the dedication of the right of way shown on the following surveys . . . from the Record Plat of Right-of-Way Dedication of First Providence Investors . . . ." At the time of the signing of this letter dated May 1, 1987, Willie Rea believed this was necessary for a rezoning petition which would be filed later by First Providence Investors and Elm Land and would constitute a dedication if the rezoning petition was approved by the Mecklenburg County Board of Commissioners.

12. On May 26, 1987 Elm Land Company, First Providence Investors and John R. Rea filed an "Official Rezoning Application" with the Charlotte-Mecklenburg Planning Commission . . . seeking conditional district and innovative district rezoning for the

property . . . In conjunction with the Application a "PROPOSED REZONING SITE PLAN" . . . was also filed with the Charlotte-Mecklenburg Planning Commission and contained the following "GENERAL NOTES":

> 1. PETITIONER WILL DEDICATE 20' OF RIGHT-OF-WAY TO NCDOT FOR PROVIDENCE ROAD LENGTH OF PROJECT AND WILL DEDICATE THE FULL 100" [sic] INDICATED ON THE PLAN FOR THE LOWER MECKLENBURG CIRCUMFERENTIAL . . . .

13. On August 13, 1987 First Providence Investors filed in the Mecklenburg County Public Registry "Record Plat of Right of Way Dedication" . . . ." Elm Land's name does not appear on this plat and Elm Land did not authorize the filing of this in the Mecklenburg County Public Registry.

14. On November 24, 1987 Elm Land Company and John R. Rea filed an "Official Rezoning Application" with the Charlotte-Mecklenburg Planning Commission . . . In conjunction with the Application, a "PROPOSED REZONING SITE PLAN" . . . was also filed with the Charlotte-Mecklenburg Planning Commission and contained the following "GENERAL NOTES":

> 1. PETITIONER WILL DEDICATE 20' OF RIGHT-OF-WAY TO NCDOT FOR PROVIDENCE ROAD LENGTH OF PROJECT AND WILL DEDICATE THE FULL 100' INDICATED ON THE PLAN FOR THE LOWER MECKLENBURG CIRCUMFERENTIAL . . . .

> 2. AS A CONDITION OF THIS PETITION, IT IS AGREED THAT A TWO-LANE ROADWAY WILL BE CONSTRUCTED FOR THE LENGTH OF THE CIRCUMFERENTIAL INCLUDED IN THIS PETITION IN ACCORDANCE WITH THE CROSS-SECTION SHOWN.

15. On January 21, 1988 the Charlotte-Mecklenburg Planning Commission, after a joint public hearing with the Mecklenburg County Board of Commissioners, recommended approval of the May 26, 1987 Application and recommended denial of the November 24, 1987 application.

16. On February 15, 1988 the Mecklenburg County Board of Commissioners denied both Applications.

17. Under the Rezoning Regulations of Mecklenburg County in effect in 1987 and 1988, any offers to dedicate right-of-way to the public and to construct roads on public right-of-ways, in a conditional or innovative rezoning application, contingent upon the rezoning applications being approved; upon a denial of a conditional rezoning application, any offers to dedicate right-of-way to the public became null and void.

18. In March 1988 Elm Land refused to allow Duke Power Company to construct an electric transmission line within portions of its land that included the proposed 100' right-of-way. . . .

19. From 1988 until 2000 Elm Land Company paid ad valorem taxes to Mecklenburg County for the 28 acre parcel . . . this tax parcel included portions of the proposed 100' right of way of the East-West Road, the subject of this action.

20. In 1995 Elm Land, in order to service a portion of its property leased for a golf course north of the East-West Road, constructed an 8" private sewer line a distance of approximately 4000 feet within the area of the proposed 100' right-of-way of the East-West Road, the subject of this action. Elm Land Company still owns this sewer line.

. . . .

22. On July 20, 1998 a "Final Plat of Rea Village—Map 1" . . . was filed in the Mecklenburg County Public Registry . . . showing a portion of the former Elm Land property that fronted on Providence Road and the future East-West Road; this was owned by CVR Associates Limited Partnership (which partnership included Elm Land as a partner); the recorded Plat recited on it "Future East-West Circumferential Road (proposed 100' public right of way)—Not Constructed".

23. On June 9, 1999 a "Final Plat of Rea Village—Map 2" . . . was filed in the Mecklenburg County Public Registry . . . showing a portion of the former Elm Land property that fronted on Providence Road and the future East-West Road; this was owned by CVR Associates Limited Partnership (which partnership included Elm Land as a partner); the recorded Plat recited on it "Future East-West Circumferential Road (proposed 100' public right of way)—Not Constructed".

24. In September 1999 DOT contacted Willie Rea to discuss the purchase of a temporary construction easement for the East-West Road over Elm Land property; at this time Willie Rea on behalf of Elm Land Company notified DOT that Elm Land had not dedicated any right-of-way to the public for the East-West Road and demanded compensation for any right-of-way that might be required over its property for the East-West Road.

25. On March 7, 2000 a "Final Plat of Rea Village—Map 3" . . . was filed in the Mecklenburg County Public Registry . . . showing a portion of the former Elm Land property that fronted on Providence Road and the future East-West Road; this was owned by CVR Associates Limited Partnership (which partnership included Elm Land as a partner); the recorded Plat recited on it "Future East-West Circumferential Road (proposed 100' public right of way)—Not Constructed".

26. Elm Land never intended to give, donate or transfer a 100' right-of-way to the public for the East-West Road without compensation unless one of the 1987 Rezoning Petitions was approved by the Mecklenburg County Board of Commissioners.

The trial court thereafter concluded that DOT failed to evidence that a public right-of-way was acquired over defendant's property and ordered a jury determination as to the amount of damages, if any, DOT must compensate defendant. From this order, DOT appeals.

---

DOT asserts 38 assignments of error on appeal. Generally, these issues are whether: (I) there is clear and convincing evidence to support the trial court's findings of fact; (II) the findings of fact support the conclusions of law; (III) the trial court appropriately ruled on evidentiary issues presented at the hearing; and, (IV) the trial court erred in denying DOT's motion to amend the findings of fact, to make additional findings, and to amend the order.

[1] We note initially that this matter is interlocutory. However, the Supreme Court recently held that "orders from a condemnation hearing concerning title and area taken are 'vital preliminary issues' that must be immediately appealed pursuant to N.C.G.S. § 1-277, which permits interlocutory appeals of determinations affecting substantial rights." *Dep't of Transportation v. Rowe*, 351 N.C. 172, 176, 521 S.E.2d 707, 709 (1999) (quoting *Highway Comm'n v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967)). Therefore, this appeal is properly before this Court.

I.

**[2]** The standard of review for findings made by a trial court sitting without a jury is whether any competent evidence exists in the record to support said findings. *Hollerbach v. Hollerbach*, 90 N.C. App. 384, 387, 368 S.E.2d 413, 415 (1988). Findings of fact and conclusions of law allow meaningful review by the appellate courts. *O'Neill v. Bank*, 40 N.C. App. 227, 231, 252 S.E.2d 231, 234 (1979). Findings of fact are conclusive if supported by competent evidence, irrespective of evidence to the contrary. *Associates, Inc. v. Myerly and Equipment Co. v. Myerly*, 29 N.C. App. 85, 89, 223 S.E.2d 545, 548 (1976).

DOT argues that findings of fact numbers 5, 10, 12, 14, 15, 16 and 17 are irrelevant, but fails to assert caselaw in support of the claim. "The function of all briefs required or permitted by these rules is to define clearly the questions presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon." N.C.R. App. P. 28(a) (2003). "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6).

DOT further argues that the following two findings of fact by the trial court are not supported by competent evidence in the record:

11. On May 1, 1987 Willie Rea, as a general partner for Elm Land, signed a letter on behalf of Elm Land addressed to the Charlotte-Mecklenburg Planning Commission which "authorizes the dedication of the right of way shown on the following surveys . . . from the Record Plat of Right-of-Way Dedication of First Providence Investors . . . ." At the time of the signing of this letter dated May 1, 1987, Willie Rea believed this was necessary for a rezoning petition which would be filed later by First Providence Investors and Elm Land and would constitute a dedication if the rezoning petition was approved by the Mecklenburg County Board of Commissioners.

. . . .

26. Elm Land never intended to give, donate or transfer a 100' right-of-way to the public for the East-West Road without compensation unless one of the 1987 Rezoning Petitions was approved by the Mecklenburg County Board of Commissioners.

**DEPARTMENT OF TRANSP. v. ELM LAND CO.**

[163 N.C. App. 257 (2004)]

It is within the trial court's discretion to determine the weight and credibility given to all evidence presented during a non-jury trial. *Kirkhart v. Saieed*, 98 N.C. App. 49, 54, 389 S.E.2d 837, 840 (1990). "The trial court is in the best position to weigh the evidence, determine the credibility of witnesses and 'the weight to be given their testimony.'" *Kirkhart*, 98 N.C. App. at 54, 389 S.E.2d at 840 (quoting *Lyerly v. Malpass*, 82 N.C. App. 224, 225-26, 346 S.E.2d 254, 256 (1986)).

At trial, Willie Rea, a general partner of defendant, testified that he signed a letter on behalf of defendant authorizing the dedication of a right-of-way. Willie Rea further testified that he signed the letter because he believed it was necessary for a rezoning petition which would be later filed by defendant and First Providence Investors. Thus, there is competent evidence in the record to support findings of fact 11 and 26. *See Hollerbach*, 90 N.C. App. at 387, 368 S.E.2d at 415. DOT's assignment of error is overruled.

II.

**[3]** Once it has been determined that the findings of fact are supported by the evidence, we must then determine whether those findings of fact support the conclusions of law. *Kirby Building Systems v. McNiel*, 327 N.C. 234, 241, 393 S.E.2d 827, 831 (1990).

DOT assigned error to the trial court's conclusions of law 3, 4, 5, 6, 7, and 9. As DOT failed to specifically support these arguments with authority, these arguments are deemed abandoned. N.C.R. App. P. 28(b)(6). Although we note that DOT argues to this Court that conclusion of law 3 is not the correct interpretation of the current caselaw, DOT assigned error to this conclusion of law under a different theory in the record on appeal. "The scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal. . . ." N.C.R. App. P. 10(a). DOT's assignments of error to the trial court's conclusions of law 3, 4, 5, 6, 7, and 9 are overruled.

**[4]** DOT further argues that the following conclusion of law is not supported by competent evidence:

2. DOT failed to convince this Court by the greater weight of the evidence that it acquired a public right-of-way over Elm Land's land for the East-West Road prior to October 6, 2000.

Specifically, DOT argues that defendant expressly or impliedly dedicated a right-of-way to the public. We disagree.

The burden is on DOT to prove that defendant dedicated a right-of-way to the public. *See Lumberton v. Branch*, 180 N.C. 249, 250, 104 S.E. 460, 461 (1920). This Court stated the following in *Town of Highlands v. Edwards*:

> A dedication of property to the public consists of two steps: (1) an offer of dedication, and (2) an acceptance of this offer by a proper public authority. *Cavin v. Ostwalt*, 76 N.C. App. 309, 311, 332 S.E.2d 509, 511 (1985). An offer of dedication can be either express, as by language in a deed, or implied, arising from the "conduct of the owner manifesting an intent to set aside land for the public." *Bumgarner v. Reneau*, 105 N.C. App. 362, 365, 413 S.E.2d 565, 568, *modified and aff'd.*, 332 N.C. 624, 422 S.E.2d 686 (1992). In either case, whether express or implied, it is the owner's intent to dedicate that is essential. *See, Milliken v. Denny*, 141 N.C. 224, 229-30, 53 S.E. 867, 869 (1906); *Nicholas v. Salisbury Hardware & Furniture Co.*, 248 N.C. 462, 468, 103 S.E.2d 837, 842 (1958).

144 N.C. App. 363, 367, 548 S.E.2d 764, 766-67 (2001). In the case *sub judice*, the trial court found as a fact that defendant did not intend to dedicate the right-of-way to the public unless its rezoning application was approved. The trial court further found as fact that when defendant's rezoning application was denied, the conditional dedication of the right-of-way became null and void. Thus, the findings of fact support the conclusion of law that defendant did not expressly dedicate a right-of-way to the public. *See Edwards*, 144 N.C. App. at 367, 548 S.E.2d at 766.

**[5]** DOT argues that if defendant did not expressly dedicate a right-of-way to the public, it impliedly did so. Specifically, DOT asserts that defendant's conveyances of property referencing "a 100 foot right of way" re-offered the dedication to the public. The trial court found as fact seven such conveyances, six of which reference the right-of-way as either a proposed right-of-way or a right-of-way "not constructed" and all conveyances reference the right-of-way as that which was "filed by First Providence Investors."

DOT is correct that the subjective intent of a landowner to make a dedication is not always necessary. *Dept. of Transportation v. Haggerty*, 127 N.C. App. 499, 501, 492 S.E.2d 770, 771 (1997).

**DEPARTMENT OF TRANSP. v. ELM LAND CO.**

[163 N.C. App. 257 (2004)]

However, under the implied dedication theory DOT must prove that the acts of the landowner "are such as would fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate, and they are so received and acted upon by the public, the owner cannot, after acceptance by the public, recall the appropriation." *Tise v. Whitaker*, 146 N.C. 374, 376, 59 S.E. 1012, 1013 (1907).

DOT's reliance on *Haggerty* in support of its argument that defendant impliedly dedicated a right-of-way is misplaced. 127 N.C. App. 499, 492 S.E.2d 770. In *Haggerty*, the landowner outwardly manifested his intent to dedicate a right-of-way and conveyed property by reference to a plat which divided the tract into streets and lots. *Id.* at 500, 502, 492 S.E.2d at 770, 772.

> Here the defendants' deeds referred to plats that showed the 100 foot right of way. In addition, the defendants allowed public utilities, without easements, to place utility poles on the defendants' land more than 30 feet from the center of Wendover Avenue. The DOT correctly argues that this shows objectively an intent to dedicate a 50 foot right of way. In 1940, the State Highway Commission also set concrete right of way monuments on the Haggerty, McIntosh and Willard properties which should have put the defendants on notice of the 50 foot right of way being claimed by the Highway Commission. Finally, the tax cards for Stevens', McIntosh's and Haggerty's predecessors showed that the defendants were not paying ad valorem taxes on the land within the 100 foot right of way. This further suggests that the defendants had notice of and intended or acquiesced in the right of way being claimed by the DOT.

*Id.* at 502, 492 S.E.2d at 772. In the case *sub judice*, the trial court made findings of fact that defendant refused to allow Duke Power Company to construct an electric transmission line over the area in question, constructed an 8-inch private sewer line of approximately 4000 feet within the area in question, and has paid taxes on the property for at least the three years preceding this action. Thus, the findings of fact support the conclusion of law that defendant did not impliedly dedicate the right-of-way to the public.

III.

[6] DOT argues that the trial court erred by permitting defendant's witnesses to testify to legal conclusions and by failing to admit relevant exhibits produced by DOT. DOT asserts that the testimony of

Willie Rea and Scott McCutcheon impermissibly stated legal conclusions, yet DOT fails to assign error to any specific testimony by either witness on this theory. DOT's assignment of error is overruled. N.C.R. App. P. 28(a)(6).

[7] DOT further argues that Willie Rea's testimony regarding his intent to dedicate a right-of-way to the public if his rezoning application was approved is irrelevant. "Evidence is relevant if it has 'any logical tendency to prove any fact that is of consequence' in the case being litigated." *Tomika Invs., Inc. v. Macedonia True Vine Pent. Holiness Ch. of God,* 136 N.C. App. 493, 497, 524 S.E.2d 591, 594 (2000) (quoting *State v. Wallace,* 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991)). This Court must determine whether the trial court abused its discretion in determining whether the proffered evidence was relevant to the issues being tried. *Tomika,* 136 N.C. App. at 498, 524 S.E.2d at 595. We stated in *Edwards* that "it is the owner's intent to dedicate that is essential." 144 N.C. App. at 367, 548 S.E.2d at 767. Thus, although not conclusive, Willie Rea's intent to dedicate is relevant to the trial court's determination of whether a dedication was made. *See id.*

[8] The trial court refused to permit DOT to introduce into evidence two certified copies of minute books from Charlotte City Council meetings and a portion of DOT's public hearing file for the realignment of a roadway. The City Council meeting minutes refer to the movement of a roadway and the dedication of a right-of-way, but do not include any reference to defendant. DOT's public hearing file likewise references the dedication of a right-of-way, but fails to reference who dedicated the right-of-way. DOT has the burden of proving that defendant dedicated a right-of-way, not that a right-of-way was dedicated. *See Lumberton,* 180 N.C. at 250, 104 S.E. at 461. Thus, DOT has failed to prove that the trial court abused its discretion in preventing the introduction of this evidence. *See Tomika,* 136 N.C. App. at 498, 524 S.E.2d at 595.

IV.

[9] DOT's final assignment of error asserts that the trial court erred by denying its Motion to Amend Findings of Fact, Make Additional Findings of Fact, and to Amend Order pursuant to Rule 52(b) of the North Carolina Rules of Civil Procedure. We disagree.

Rule 52(b) states in pertinent part that "the court may amend its findings or make additional findings and may amend the judgment

accordingly." N.C. Gen. Stat. § 1A-1, Rule 52(b) (2003). The primary purpose of an amendment under Rule 52(b) is to give the appellate court a correct understanding of the factual issues determined by the trial court or a clearer understanding of the trial court's decision. *Branch Banking and Tr. Co. v. Home Fed. Sav. and Loan*, 85 N.C. App. 187, 198, 354 S.E.2d 541, 548 (1987). In the instant appeal, the trial court made 27 findings of fact and 9 conclusions of law which support the determination that defendant did not dedicate a right-of-way to the public. Pursuant to Rule 52(b) and *Branch Banking*, DOT's final assignment of error is overruled. *Id.*

Affirmed.

Judges WYNN and McCULLOUGH concur.