DEPARTMENT OF TRANSPORTATION v. JAMES C. KIVETT, H. L. LAWTON, III, Trustee; JAMES T. STAPLES, Trustee; and FIRST UNION NATIONAL BANK

No. 8422SC773

(Filed 7 May 1985)

**Highways and Cartways § 5.3— condemnation of right of way—no presumption of DOT ownership—no dedication to DOT**

> In an action to procure a right of way to widen a highway, the trial court erred by concluding that the Department of Transportation had a right of way over the portion of defendants' land in question based either on a presumption that the Department of Transportation owned the right of way or on an express or implied dedication of the right of way to the Department of Transportation by defendant Kivett or his predecessor in title. There was no law or finding to support the presumption that the Department of Transportation owned the right of way, there was nothing in the record remotely tending to show an express dedication, and, while there was evidence which might support an implied dedication, the court failed to make definitive findings or to draw a proper conclusion therefrom.

APPEAL by defendant James C. Kivett from *Helms, Judge.* Order entered 12 April 1984 in Superior Court, IREDELL County. Heard in the Court of Appeals 13 March 1985.

The Department of Transportation instituted this action to procure a right of way over land needed to widen U.S. Highway #21 from two to five lanes. The original complaint filed by the Department of Transportation alleged that the parties were unable to agree as to the purchase price of the property appropriated. Defendant moved the court to appoint commissioners to appraise the property subject to the condemnation. Prior to the trial to determine just compensation, the defendant made a motion that a hearing be had before a superior court judge to determine the area of land for which defendant should be compensated. The Department of Transportation used approximately 22,000 square feet of land measured from the original roadbed into defendant's property. The Department claimed it already owned the right of way over 11,000 square feet of this land, and it needed to compensate defendant only for what remained. Defendant claimed he was due compensation for the total 22,000 square feet.

A hearing was held on the motion on 26 March 1984 before Judge Helms wherein the court made the following findings of fact and conclusions of law, and entered the following order:

(1) That the defendant, James C. Kivett's father, W. S. Kivett, executed two (2) written driveway permit agreements with the State Highway Department on July 8, 1958 and April 5, 1971, respectively, that directly involved the service station property which is the subject of this condemnation action;

(2) That James C. Kivett acknowledged during the hearing of this matter that he was aware of these two (2) driveway permits executed by his father who was his immediate predecessor in title;

(3) That James C. Kivett further testified as a witness during the hearing of this matter that, while his family had made certain driveway paving expenditures upon the premises, he did not deny the plaintiff's evidence that the several concrete-rimmed traffic islands lying adjacent to the paved portion of U.S. Highway #21 directly in front of his service station property had been constructed there by State forces entirely at taxpayer expense;

(4) That, as a result of the construction of said traffic islands, the visual notice of the Department of Transportation's right-of-way claims was constantly impressed upon James C. Kivett and his father, W. S. Kivett, through the continuous occupation of said claimed right-of-way area by the paved shoulders and concrete-rimmed traffic islands;

(5) That as further support of its right-of-way claim, the plaintiff, Department of Transportation, gave evidence at the hearing on this matter of the content of the driveway permits which instruments contained;

a. A written request to construct driveways within the public right of way;

b. An agreement to keep the public right of way clear;

c. A raised-print description in the 1971 driveway permit agreement indicating that the overall street pavement width

and the right-of-way width were twenty-two (22) feet and sixty (60) feet respectively; and, finally

d. A sketch referred to and made a part of both driveway permit agreements clearly setting forth a marked thirty-foot right-of-way line drawn directly behind the concrete-rimmed traffic islands (from the highway centerline) as also shown on said sketch and actual on-the-ground construction of said traffic islands at said widths from the highway centerline in exact conformance to said sketches as attached and made a part of the driveway permit agreements (said sketch designated said right-of-way line by the number thirty (30) feet along with the arrowed symbolled initials R.O.W.);

(6) That, further, during the hearing of this matter, the Department of Transportation introduced into evidence a set of 1958 Highway Project Plans which detailed the last major roadway construction on U. S. Highway #21 adjacent to the subject property prior to the current 1981 project which plans show an existing right of way width which scaled to a width of sixty (60) feet at the James C. Kivett service station property;

(7) That, finally, this Court finds from an examination of the defendants' Exhibit "1" (a photograph of the subject premises taken immediately before the current roadway construction), that there is an absence of any permanent structures owned by the defendants located upon the traffic islands or claimed right of way other than a "narrow bridge" highway warning sign and what appears to be a Duke Power Company easement — the permanent Union 76 sign being positioned at the back of the traffic island curbline; and

BASED UPON THESE FINDINGS, THIS COURT CONCLUDES AS A MATTER OF LAW:

That the defendant has confirmed the presumption of a sixty-foot wide right of way on U. S. Highway #21 adjacent to the subject premises as scaled on the Department of Transportation's project plans by his clear dedicatory acts both express and implied in that:

1. The defendant, James C. Kivett, and his precessor [sic] in title made a firm written request to construct driveways (and traffic islands) "within public right of way";

2. The defendant promised to keep the public right of way clear (said right-of-way area being clearly defined on the face of the 1971 driveway permit agreement and on a referenced sketch); and

3. The defendants allowed the State to take actions inconsistent with their unrestricted ownership of the right-of-way area by allowing the State to enter the premises and thereafter accepting the dedication through the construction of the concrete-rimmed traffic islands; and

4. Finally, this Court holds that the defendant could not equitably retain the benefits of the expenditure of State taxpayer money in the form of traffic islands constructed at the defendant's request while denying the public right-of-way interest that the agreements clearly set forth;

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiff, the Department of Transportation, immediately caused to be filed in the Office of the Clerk of Superior Court of Iredell County, a plat reflecting preexisting State right of way measuring an overall width of sixty (60) feet or thirty (30) feet from each side of the centerline of U. S. Highway #21 as the same abutted the property which is the subject of this condemnation action prior to the Department of Transportation's highway condemnation action filed in the Office of the Clerk of Superior Court of Iredell County on December 7, 1981.

From the order entered, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas B. Wood, for the Department of Transportation.*

*Hunton & Williams, by Odes L. Stroupe, Jr., and Julius A. Rousseau, III, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant's sole assignment of error based upon an exception to the judgment raises the question whether the trial court's

findings of fact support its conclusion that the property at issue was dedicated to the Department of Transportation as a right of way. Defendant argues that in order to sustain a judgment that the Department of Transportation owned a right of way over defendant's property, the court must make findings that either defendant or his predecessor in title, through his words or acts, manifested an intent to dedicate the property.

The trial judge apparently concluded that the Department of Transportation had a right of way over the 11,000 square feet in question based on three theories: 1) there was a presumption that the Department of Transportation owned the right of way; 2) the defendant or his predecessor in title expressly dedicated the right of way to the Department of Transportation; or 3) the defendant or his predecessor in title, by his words or deeds, impliedly dedicated the right of way to the Department of Transportation. We find no law or finding of fact to support the conclusion by the trial judge that the Department of Transportation was presumed to own the right of way in question. Although counsel for the Department of Transportation in his oral argument before this Court stated that the Department of Transportation was relying upon an express dedication of the property, we find nothing in this record remotely tending to show that the defendant or his predecessor in title expressly dedicated the property to the Department of Transportation for public use.

The final theory adopted by the trial court was that the defendant or his predecessor in title had impliedly dedicated the property to public use. As defined in *Spaugh v. Charlotte*, 239 N.C. 149, 79 S.E. 2d 748 (1954), dedication is the intentional appropriation of land by the owner to some proper public use. An implied dedication is one arising by operation of law from the acts of the owner. When proving implied dedication, where no actual intent to dedicate is shown, the manifestation of implied intent to dedicate must clearly appear by acts which to a reasonable person would appear inconsistent and irreconcilable with any construction except dedication of the property to public use. *Highway Commission v. Thornton*, 271 N.C. 227, 156 S.E. 2d 248 (1967).

While there is evidence in the record that might support findings of fact which in turn might support a conclusion that the

property in question was impliedly dedicated to public use, the trial judge's failure to make definitive findings from the evidence, and to draw a proper conclusion therefrom, requires that there be a new trial to determine the issue as to the precise amount of defendant's land taken by the Department of Transportation. Thus the order dated 12 April 1984 is vacated, and the cause is remanded for a new trial.

Vacated and remanded.

Judges WELLS and MARTIN concur.