MILTON KNIGHT AND MARVA KNIGHT, PETITIONERS v. TOWN OF KNIGHTDALE AND THE TOWN COUNCIL OF THE TOWN OF KNIGHTDALE, RESPONDENTS

No. COA 03-355

(Filed 15 June 2004)

**Cities and Towns— unified development ordinance—zoning compliance permit**

A de novo review revealed that the superior court erred in finding that, as a matter of law, petitioners' application for a zoning compliance permit for petitioners' home did not meet the requirements contained in respondent town's unified development ordinance (UDO) because according to the UDO as written, the town could have considered any of the specific physical effects listed in the UDO, but had no authority to consider the site plan's potential effect on surrounding property values.

On writ of certiorari from judgment entered 11 September 2002 by Judge Jack W. Jenkins in Superior Court in Wake County. Heard in the Court of Appeals 4 December 2003.

*Frederic E. Toms & Associates, P.L.L.C., by Frederic E. Toms and Allen Mills, for petitioner-appellants.*

*Holt, York, McDarris & High, L.L.P., by Bradford A. Williams, for respondent-appellees.*

HUDSON, Judge.

On 14 January 2002, petitioners Milton and Marva Knight applied for, and initially received, permits from the Town of Knightdale ("the Town") to construct a modular home at 101 Dearing Drive in the Lynnwood Estates subdivision. Subsequently, the Town Council ("Council") denied petitioners' application, and the superior court affirmed. Petitioners appeal. For the reasons discussed here, we reverse and remand.

The tract of land upon which petitioners' sought to build is zoned Residential/Agricultural ("RA"). The Town's Planning Staff ("Staff") initially determined that petitioners' home was a manufactured home, and that pursuant to the Town's Unified Development Ordinance ("UDO"), zoning compliance permits for manufactured homes in an RA District require only staff, not Council, approval. Staff issued the permits.

After Staff issued the permits, construction began on petitioners' home. On 4 February 2002, several residents of the Lynnwood Estates subdivision attended a Council meeting and raised questions regarding petitioners' home. The Council directed Staff and the Town attorney to research further whether petitioners' home met the definition of a "manufactured" home.

Staff determined that petitioners' home was not "manufactured," but rather "modular." Under the Town's UDO, a modular home in the RA District requires a zoning compliance permit with Council site plan approval. Therefore, the Town advised petitioners by letter 12 February 2002 that it would not issue a Certificate of Occupancy until after it took action on the zoning compliance permit.

At its 20 February 2002 meeting, the Council took public comment on petitioners' request for site plan approval, and then referred petitioners' site plan to the Town's Planning and Appearance Board ("Board"). The Board received a report from the Land Use Administrator, and discussed the site plan at its 25 February 2002 meeting. Based upon that report, the Board voted to recommend that the Council approve petitioners' site plan subject to certain changes to which petitioners agreed. The changes included adding a porch, constructing a concrete driveway and sidewalk, and encasing the chimney in such materials as would resemble a traditional chimney.

At its 4 March 2002 meeting, the Council again addressed petitioners' zoning compliance permit. The Council reviewed the Land Use Administrator's report, and the Board's recommended approval of petitioners' site plan with the above changes. Again, the Council took public comment. After discussions, the Council denied petitioners' permit application.

Petitioners sought review in the superior court in Wake County. After a hearing, the superior court ruled that the Council's decision was supported by the evidence and was not arbitrary and capricious.

Petitioners appealed to this Court, which appeal we dismissed. Petitioners then filed a petition for writ of certiorari, which we granted on 13 March 2003.

First, petitioners argue that the superior court "erred in finding that, as a matter of law, the petitioners' application for a zoning compliance permit did not meet the requirements contained in the [Town's UDO]." We agree, and for the following reasons reverse the order of the superior court and remand for further proceedings.

Upon review of a decision from a Board of Adjustment, the superior court should:

(1) review the record for errors of law; (2) ensure that procedures specified by law in both statute and ordinance are followed; (3) ensure that appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses, and inspect documents; (4) ensure that the decision is supported by competent, material, and substantial evidence in the whole record; and (5) ensure that the decision is not arbitrary and capricious.

*Whiteco Outdoor Adver. v. Johnston County Bd. of Adjust.*, 132 N.C. App. 465, 468, 513 S.E.2d 70, 73 (1999). On review of the superior court's order, this Court must determine whether the trial court correctly applied the proper standard of review. *Id.*

To review the sufficiency of the evidence, this Court applies the "whole record" test to determine "whether the Board's findings are supported by substantial evidence contained in the whole record." *Id.* at 468, 513 S.E.2d at 73. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Id.* "Where the petitioner alleges that a board decision is based on error of law, the reviewing court must examine the record *de novo*, as though the issue had not yet been determined." *Id.* at 470, 513 S.E.2d at 74.

Although the Council made no written findings of fact or conclusions of law, the minutes of the 4 March 2002 meeting indicate that the Coucil based the denial upon the likelihood of diminution in the property values of those properties surrounding petitioner. At oral argument, counsel for both parties agreed that the Council denied the permit on this basis. Petitioners allege that the Town and superior court erred as a matter of law in ruling that petitioners' site plan was not in compliance with the Town's UDO. We review the superior court's order *de novo*.

The superior court's order states that "[t]he evidence in the whole [r]ecord established that Petitioners failed to carry their burden, as set forth in Sections 4.3.5.4.3 and 4.3.5.4.3.2 of the Town's UDO." The pertinent sections of the Town's UDO read as follows:

4.3.5.4.3

The Town Council shall approve, approve with conditions, or deny, or take any other action consistent with its usual rules

of procedure on the site plan. Actions shall be based on conformity with this chapter, the Comprehensive Plan, and other adopted plans and standards; however, no site plan shall be approved unless the Town Council first finds that the plan meets all the following:

\*\*\*

<u>4.3.5.4.3.2</u>

The plan contains adequate measures to protect other properties, including public corridors, from adverse effects expected from the development, including without limitation, stormwater, noise, odor, on and off-street parking, dust, light, smoke and vibration.

"The rules applicable to the construction of statutes are equally applicable to the construction of municipal ordinances." *Cogdell v. Taylor*, 264 N.C. 424, 428, 142 S.E.2d 36, 39 (1965). The basic rule of statutory construction "is to ascertain and effectuate the intention of the municipal legislative body." *George v. Town of Edenton*, 294 N.C. 679, 684, 242 S.E.2d 877, 880 (1978). "The best indicia of that intent are the language of the statute or ordinance, the spirit of the act and what the act seeks to accomplish." *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 629, 265 S.E.2d 379, 385, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980).

The rule of statutory construction *ejusdem generis* provides that:

where general words follow a designation of particular subjects or things, the meaning of the general words will ordinarily be presumed to be, and construed as, restricted by the particular designations and as including only things of the same kind, character and nature as those specifically enumerated.

*State v. Lee*, 277 N.C. 242, 244, 176 S.E.2d 772, 774 (1970). Referring specifically to zoning ordinances, our Supreme Court has stated the following:

Since zoning ordinances are in derogation of common-law property rights, limitations and restrictions not clearly within the scope of the language employed in such ordinances should be excluded from the operation thereof.

*Capricorn Equity Corp. v. Town of Chapel Hill Bd. of Adjust.*, 334 N.C. 132, 138-39, 431 S.E.2d 183, 188 (1993).

Here, the adverse effects listed in Section 4.3.5.4.3.2 of the Town's UDO ("stormwater, noise, odor, on and off-street parking, dust, light,

smoke and vibration") are all physical in nature. Nonetheless, respondents argue that the phrase "without limitation" preceding the enumerated effects allows the Town to consider any negative impact a plan would have on surrounding properties. We disagree.

Given the Supreme Court's limitation of zoning restrictions as laid out in *Capricorn*, we conclude that diminution in neighboring property values is excluded from the scope and intent of Section 4.3.5.4.3.2 of the Town's UDO. According to the UDO as written, therefore, Town could have considered any of the specific physical effects listed in the UDO, but had no authority to consider the site plan's potential effect on surrounding property values. We hold that the Town erroneously denied petitioners' application for site plan approval, and, in turn, the superior court erred in upholding such denial. Thus, we reverse the decision of the superior court and remand for entry of an order requiring respondents to issue the zoning compliance permit for petitioners' home.

Reversed and remanded.

Judges TYSON and STEELMAN concur.