RONALD DARBO AND WIFE, LAURA DARBO, PLAINTIFFS v. OLD KELLER FARM PROPERTY OWNERS' ASSOCIATION, INC., DEFENDANT

No. COA04-1711

(Filed 15 November 2005)

**Highways and Streets— planning approval—plat—upgrade to county road from private drive**

The trial court had sufficient evidence to support its conclusions that a road labeled "right-of-way private drive" on the recorded plat could be upgraded to provide access to acreage which plaintiffs wished to subdivide. The long-time director of the Planning Department testified that it was the usual custom of the Planning Department to upgrade private drives to county standard roads, and that developers typically left forty-five foot rights-of-way on plats to preserve options for future development.

Appeal by defendant from order and judgment entered 1 October 2004 by Judge Charles C. Lamm in Watauga County Superior Court. Heard in the Court of Appeals 24 August 2005.

*Di Santi Watson Capua & Wilson, by Frank C. Wilson, III, for the plaintiffs-appellees.*

*The Vetro Law Firm, P.C., by M. Shaun Lundy, for defendant-appellant.*

JACKSON, Judge.

On 11 February 2002, Ronald and Laura Darbo ("plaintiffs") purchased two tracts of land in Watauga County, North Carolina,

pursuant to a foreclosure sale. They recorded their deeds on 26 March 2002. Tract I ("Lot 27") consisted of Lot 27, which is located in Section II of Old Keller Farm, as evidenced by a recorded plat. Tract II ("Darbo lot") consisted of 8.873 acres of land which is an undeveloped and undivided piece of land that is adjacent to Lot 27, and is also noted on the recorded plat.

The recorded plat shows a sixty foot wide road, "Keller Road," in the area designated as Section I of Old Keller Farm, that extends into the Section II of the subdivision. Where Keller Road continues into Section II of the subdivision, it is reduced to a forty-five foot wide road, and is labeled on the plat as "45.00' right-of-way private drive." This smaller road extends along one side of Lot 27, and continues to the Darbo lot.

After purchasing the two tracts of land, plaintiffs presented a preliminary plat to the Watauga County Planning and Inspection Department ("Planning Department") in September 2002, proposing to subdivide the Darbo lot into five new lots. Plaintiffs proposed that the "45.00' right-of-way private drive" would service Lot 27, along with the five proposed subdivided lots. Upon learning of plaintiffs' proposed subdivision of the Darbo lot, the Old Keller Farm Property Owners' Association, Inc. ("defendants") notified the Planning Department that it disputed whether plaintiffs had a sufficient right-of-way to allow the subdivision as proposed in the preliminary plat.

In a letter dated 11 September 2002, the Watauga County Planning Board notified plaintiffs that "when there has been a dispute regarding right-of-way, . . . the Planning Board has taken the position that the parties resolve the dispute themselves, rather than ask the County to do so, as these are actually private legal issues over which the courts, not the County, have jurisdiction." The Planning Department thus refused to consider plaintiffs' subdivision plans until the matter of the forty-five foot "right-of-way private drive" was resolved in some other fashion.

On 5 March 2004, plaintiffs filed an action seeking a declaratory judgment that the forty-five foot "right-of-way private drive" was an easement over and across the privately maintained Old Keller Farm Road, for ingress, egress, and regress to the Darbo lot. After reviewing the recorded plat, county ordinances, and hearing testimony from Joe Furman, who has been the Director of Watauga County Planning and Inspections Department for twenty years, the court concluded as a matter of law that the forty-five foot road met the width require-

ments of a "County Standard Road." The court also concluded that the road could be upgraded and "the custom of the county is to allow subdivisions to be developed in stages and such upgrades to occur, provided all the other provisions of the county subdivision ordinance have been satisfied." The trial court then ordered that plaintiffs have a right-of-way forty-five feet wide along the border of Lot 27, which also would serve as means of ingress, egress, and regress for the Darbo lot. The court ordered that the forty-five foot right-of-way may be upgraded to a "County Standard Road," provided that all other requirements of the Watauga County Ordinance to Govern Subdivisions and Multi Unit Structures are met and approved by the various government entities that are required to do so. From this order defendants appeal.

Before addressing defendant's arguments on appeal, we wish to note that the issues presented in this case are issues that are properly addressed to and resolved by county or municipal planning and inspections departments as an initial matter, rather than our courts.

Defendants argue that the trial court committed error when it disregarded the plain and unambiguous language of the recorded plat showing Section II of Old Keller Farm, and the Watauga County Ordinance to Govern Subdivision and Multi-Unit Structures ("County Ordinance").

As previously stated, the recorded plat designated the road in question as "45.00' right-of-way private drive." The County Ordinance defines a "private driveway" as "[a] roadway serving three (3) or fewer lots, building sites or other divisions of land and not intended to be public ingress or egress." Watauga County, N.C., Ordinance to Govern Subdivisions and Multi-Unit Structures art. IV, § 41.10 (2004). The County Ordinance defines "right-of-way" as "[a] strip of land designated by the owner or other authority or acquired by other over which a person may legally pass, and on which may be constructed a road or utilities." *Id.* at art. IV, § 41.13. Pursuant to the County Ordinance, all lots in a subdivision must have direct vehicular access to a state or county standard road. *Id.* at art. VII, § 72.016. The County Ordinance also states that a county standard road must be no less than forty-five feet wide, and the ordinance does not limit the number of lots a county standard road may service. *Id.* at art. VII, § 71.021. Defendants argue the recorded plat clearly designates the road as a "private drive," thereby limiting the number of lots the road may service to three, which is below the number of lots that plaintiffs wish to have the road service.

The court heard testimony from Joe Furman of the Planning Department, in which he stated the private driveway that plaintiffs currently have, is adequate in width for it to be improved to a county standard road. Mr. Furman further testified that it is common practice for developers to provide a forty-five foot right-of-way on plats accessing undeveloped land, in order to leave open their options for future development. In addition, he stated that the designation on the recorded plat showing the road as a "private drive" "is a disclosure that it is private as opposed to public," and that such designation does not restrict the use of the property. All parties agree that there are no recorded restrictive covenants which would prohibit development of the Darbo lot.

Our court has held that when a recorded instrument is plain and unambiguous, its construction is a matter of law. *Lovin v. Crisp*, 36 N.C. App. 185, 243 S.E.2d 406 (1978). In the instant case, the recorded plat map shows a "right-of-way private drive." Given the testimony presented at trial by Joe Furman of the Watauga County Planning Department, we do not find this designation is plain and unambiguous. Although plaintiffs clearly have a right-of-way, it is unclear whether the right-of-way was intended to be restricted as a private driveway thereby limiting development of the Darbo lot.

With respect to the County Ordinance, our courts have held that "[w]here an issue of statutory construction arises, the construction adopted by those who execute and administer the law in question is relevant and may be considered. Such construction is entitled to 'great consideration.' " *MacPherson v. City of Asheville*, 283 N.C. 299, 307, 196 S.E.2d 200, 206 (1973) (quoting *Gill v. Commissioners*, 160 N.C. 176, 76 S.E. 203 (1912)). " 'The rules applicable to the construction of statutes are equally applicable to the construction of municipal ordinances.' " *Knight v. Town of Knightdale*, 164 N.C. App. 766, 769, 596 S.E.2d 881, 884 (2004) (quoting *Cogdell v. Taylor*, 264 N.C. 424, 428, 142 S.E.2d 36, 39 (1965)). Further, "[t]he basic rule of statutory construction 'is to ascertain and effectuate the intention of the municipal legislative body.' " *Id.* (quoting *George v. Town of Edenton*, 294 N.C. 679, 684, 242 S.E.2d 877, 880 (1978)). The best indication of the municipal legislative body's intent is the "language of the statute or ordinance, the spirit of the act and what the act seeks to accomplish." *Id.* (quoting *Coastal Ready-Mix Concrete Co. v. Board of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980)). Where an "ordinance is clear and unambiguous, its plain meaning will be enforced. An interpretation

that results in illogical or absurd consequences should be avoided."
*Pritchard v. Elizabeth City*, 81 N.C. App. 543, 549, 344 S.E.2d 821,
824 (1986) (internal citation omitted).

In the present case, the County Ordinance in question is not plain
and unambiguous. Rather, the ordinance lacks specificity regarding
roads designated as rights-of-way, and the limitations which may be
placed on these roads as well as an individual's subsequent ability to
modify the designation. Although the Watauga County Planning
Board declined to resolve the issue on behalf of the County due to the
disagreement between the parties, the trial court heard testimony
from the long-time director of the Planning Department, in which he
clearly stated that it is the usual custom of the Planning Board to
upgrade private drives to county standard roads. He further testified
that there are no ordinances prohibiting this upgrade, and that unless
there is some private legal prohibition, such as a restrictive covenant,
the private drive may be upgraded provided it satisfies the necessary
width requirements. Furman stated that developers typically will
leave forty-five foot rights-of-way on their plats, accessing undevel-
oped parts of the land, so that future development will not be limited
by the width of the road.

When the trial court was presented with a plat and a county ordi-
nance that were not plain and unambiguous, the trial court, sitting
without a jury, had the duty to make its own findings of fact, which if
supported by evidence, are conclusive on appeal. *Williams v. Pilot
Life Insur. Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975). In
the instant case, the trial court was presented with sufficient evi-
dence showing that it was the County's custom to upgrade private dri-
veways to county standard roads in order to further development.
The court also heard testimony from the original developer indicat-
ing that the road in question likely was labeled as such in order to
hold open the options for the remaining eight acres, which later
became the Darbo lot. Therefore, were the trial court to have ap-
plied the interpretation of the plat and ordinances as defendants
would prefer, the results would be illogical. Their interpretation
would limit the Darbos' ability to subdivide the eight acres of the
Darbo lot into no more than two lots. The trial court properly gave
deference to the Watauga Planning Board, which actually administers
and executes the ordinances. Accordingly we hold that there was
sufficient evidence to support the trial court's findings of fact, and
the court's conclusions of law were similarly supported by these find-
ings of fact.

Affirmed.

Judges McGEE and McCULLOUGH concur.